Western Psychiatric Institute and Clinic of the University of Pittsburgh of the Commonwealth System of Higher Education, Appellant, *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellee (Second case).

276

Argued September 5, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*James Q. Harty,* with him *John T. Tierney, III, Robert W. Watson, Jr.* and *Reed, Smith, Shaw & McClay,* for appellant.

*James W. Wildeman,* with him *James L. Crawford, Roger M. Simon, Anthony J. Molloy* and *Forest N. Myers,* for appellee.

OPINION BY JUDGE ROGERS, December 20, 1974:

This is the appeal of the Western Psychiatric Institute and Clinic of the University of Pittsburgh of the Commonwealth System of Higher Education (WPIC) from an order of the Pennsylvania Labor Relations Board (Board) certifying the Pennsylvania Nurses Association as the exclusive bargaining representatives of all Nurse I's and four Nurse II's employed by WPIC, a total of about 34 of WPIC's approximately 150 professional employes.

WPIC contends, as it did in *Western Psychiatric Institute and Clinic v. Pennsylvania Labor Relations Board*, Pa. Commonwealth Ct. , 330 A. 2d 257 (1974), that the Board's order creates a condition of over-fragmentization. In the case just cited, we discussed at some length our view of the meaning and weight to be accorded the direction of the Legislature that the Board in determining the appropriateness of a bargaining unit give consideration to the effects of over-fragmentization. Public Employe Relations Act, Act of July 23, 1970, P. L. 563, *as amended*, §604, 43 P.S. §1101.604 (Supp. 1974-1975). We there wrote that over-fragmentization is undesirable in the field of public employment; that the Pennsylvania Act is unique in its requirement that over-fragmentization be considered in determinations of the appropriateness of bargaining units; that the Act requires that the public interest is to be given first consideration by the Board, not the interest of either employer or employe; and that the prevention of over-fragmentization is in the public interest. We also, however, noted the limitations on the scope of our review of factual considerations of this agency, assumed to be experienced and expert in the field of labor organization and relations. We there affirmed the Board's approval of a bargaining unit consisting of about 150 of WPIC's total of about 250 nonprofessional employes.

As it did in the matter just referred to, WPIC insists that because it cares for the mentally ill on a team basis using all of the skills of all of its employes, the identifiable community of interest of all of its employes is patient care; and that the exclusion of any of its employes from any unit is over-fragmentization. While this concept doubtless has merit from the standpoint of patient care, we were unable to conclude in the case involving nonprofessionals, nor can we here, that the community of interest among the employes of the

unit proposed is not clearer than that of all of its employes, or that the approval of that unit creates a condition of over-fragmentization.

WPIC contends further that, even if the Board was justified in approving a unit of less than all of its employes, many others of its employes should have been included with the nurses, including community workers, librarians, systems analysts, social workers, psychology assistants, therapists, x-ray technicians and physicians. The Board's opinion contains a careful recital of the differences in patient contact, educational requirements, intellectual and judgmental discretion exercised, and degree of specialization employed. Its findings are supported by substantial, legally credible evidence, and its conclusions seem to us to be reasonable.

We note, however, that there are now as the result of the Board's two orders, affirmed by us, two bargaining units consisting of about 184 of WPIC's 350 to 400 employes. Without suggesting that there should be an arbitrary limitation on the number of units a public employer should be required to accommodate, we commend to the Board's thoughtful consideration with respect to WPIC, or in any case involving a similar institution, its own recognition that the performance of duties at hospitals has a unique involvement with the health, safety and welfare of the public and that over-fragmentization increases the likelihood of bargaining stalemates to the prejudice of the public's right to a functioning governmental organization. *Commonwealth of Pennsylvania,* PERA Case Nos. R-12-C and R-13-C.

### Order

The Board's order is affirmed and WPIC's appeal is dismissed.

---

Concurring Opinion by Judge Crumlish, Jr.:

I concur in the majority opinion but would go further in admonishing the Board as to the dangers of over-

fragmentization. Stalemates in bargaining, reduced effectiveness of employees embroiled in interunit confrontation, etc. are ever present dangers of overfragmentization. Given such dangers, careful review of each case in which a unit scheme is proposed is essential.