Vincent Biles, Dorothy Birch, Harold Jackson, Gloria Morales, Valerie White, Individually and All Other Persons Similarly Situated, Petitioners *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued March 7, 1979, before President Judge Bowman and Judges Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle and MacPhail. Judges Crumlish, Jr. and Craig did not participate.

*Richard Weishaupt,* with him *Suzanne Reilly,* and *Laurence Schall,* for petitioners.

. *Robert B. Hoffman,* Deputy Attorney General, with him *Norman J. Watkins,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for respondents.

OPINION BY JUDGE WILKINSON, JR., July 17, 1979:

Petitioners, a class of people consisting of all full-time college or university students who were considered ineligible for General Assistance from January 1, 1978 to June 30, 1978 as a result of Act 14A, the Supplemental General Appropriations Act of 1977 which amended the General Appropriations Act of 1977, Act 11A, bring suit in an original action in this Court against the Department of Public Welfare (Department) asserting that Act 14A is violative of both the Pennsylvania and United States Constitutions. Petitioners' motion for a summary judgment requests injunctive relief and restitution. Respondent countered with a motion for judgment on the pleadings. We grant the respondent's motion.

Act 14A was an attempt to reduce the original Commonwealth budget (Act 11A) in the fiscal year of 1977-78. The item in this amended budget to which petitioners object is the following:

For assistance payments and county administration of the public assistance programs and medical assistance programs:

Cash assistance ....... [494,180,000]
491,780,000

*After January 1, 1978 no part of this appropriation shall be used to pay general assistance*

*to any full-time student at a college or university who has not participated in a Federally subsidized program for dependent children.*[1] (Emphasis in original.)

Petitioners make two major arguments; that the provision quoted above is an unconstitutional rider to the general appropriations bill and that it is violative of the principle of equal protection.

Petitioners' first argument is based on Article III, §11 of the Pennsylvania Constitution which says:

> The general appropriation bill shall embrace nothing but appropriations for the executive, legislative and judicial departments of the Commonwealth, for the public debt and for public schools. All other appropriations shall be made by separate bills, each embracing but one subject.

The intent of this provision is to prevent passing of legislation by "logrolling." As pointed out by the Attorney General,[2] a general appropriations bill is a special temptation for attachment of riders because it is a necessary bill, usually certain of passage. Petitioners say that the offending provision in Act 14A which denies general assistance to full-time college students, is a rider to the general appropriations bill; a piece of "obnoxious legislation" that would not pass through the legislature on its own merits.

To support their position they cite *Commonwealth ex rel. Greene v. Gregg*, 161 Pa. 582, 29 A. 297 (1894), a 19th century case which is still the leading Pennsylvania case on this issue. In *Gregg* the appropriation in question was the salary of an additional clerk for the Supreme Court prothonotary. The Court found

---

[1] Laws of Pennsylvania, Session of 1977, 1977 Acts and Miscellaneous Actions, 512.

[2] Opinion Attorney General No. 78-16, 8 Pa. Bull. 2480 (September 2, 1978).

the appropriation constitutional. Petitioners cite, however, a test posed by Justice MITCHELL in determining constitutionality as the key: "Is the present measure within the mischief that was intended to be prohibited?" *Id.* at 587, 29 A. at 298. The case at bar, says petitioner, does not pass this test.

We disagree. The provision objected to was merely one entry in what was essentially a line item budget. The entire act is riddled with such negative spending specifications as are many prior state budgets. And as Justice MITCHELL also said in *Gregg, supra* at 587, 29 A. at 298, "It is clearly the legislative province *to keep general control over the expenditure of the public funds.* . . . While it thus holds the purse strings it controls the whole subject as completely as its proper functions under the constitution demand." (Emphasis added.)

In the above cited opinion, the Attorney General suggests a three part test.[3] To be constitutional the language in an appropriation bill must be germane to the appropriations, must not conflict with existing law and it must not extend beyond the life of the appropriations bill itself. This test is a good one. Clearly, the case at bar passes it. The provision is germane. It is a limitation or directive on the manner of spending appropriated public assistance funds. It is not in conflict with existing statutes and it has not extended any further than the life of the appropriation itself; they both ended on June 30, 1978.

We find the limitation of general assistance funds by the legislature to be logical, reasonable and constitutional.

Petitioners' second argument is that Act 14A violates equal protection by irrationally distinguishing between general assistance recipients in three differ-

---

[3] *Ibid.*

ent categories: full-time college students are ineligible, while part-time are not; college students are ineligible while vocational students are not; and students previously in the Aid to Families with Dependent Children program are eligible, while those who were not are not. In light of a recent United States Supreme Court decision, *Idaho Department of Employment v. Smith*, 434 U.S. 100 (1977), we have to disagree. In that case the Court upheld the denial of unemployment benefits to a daytime college student, while granting them to night students. The Court found that it was entirely rational since the daytime student would be less available for work than the night student. It went on to say: " 'If the classification has some "reasonable basis," it does not offend the Constitution simply because the classification "is not made with mathematical nicety or because in practice it results in some inequality," ' Dandridge v. Williams, 397 U.S. 471, 485 (1970), quoting Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61 (1911)." *Id.* at 101. The same rational basis that supported *Idaho* is the rational basis for the classifications in Act 14A. Generally the reasons are that the state with a limited amount of money wants to distribute it to those most in need.

Accordingly, we will enter the following

ORDER

AND Now, July 17, 1979, the respondent's motion for Judgment on the Pleadings is granted and petitioners' motion for summary judgment is denied. Pursuant to Pa. R.C.P. No. 1715(d) this judgment shall bind all members of the class in this class action as heretofore certified by our order of April 19, 1978, none of whom has filed of record a written election to be excluded from the class.