Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellant *v.* Clarion County, Appellee.

Clarion County *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board. District Council 85, American Federation of State, County and Municipal Employees, AFL-CIO, Appellant.

Argued October 6, 1981, before President Judge CRUMLISH, JR. and Judges MENCER, ROGERS, BLATT and WILLIAMS, JR.

*Anthony C. Busillo, III,* with him *James L. Crawford,* for appellant, Pennsylvania Labor Relations Board.

*Alex E. Echard,* for Appellee, Clarion County.

*Jonathan K. Walters,* with him *Theodore H. Lieverman* and *Alaine S. Williams, Kirschner, Walters & Willig,* for intervenor-appellant.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 4, 1982:

The Pennsylvania Labor Relations Board (PLRB) appeals a Clarion County Common Pleas Court decision which reversed the PLRB's finding that Clarion County had committed unfair labor practices under the Public Employe Relations Act (PERA).[1] We reverse.

The American Federation of State, County and Municipal Employees, AFL-CIO of Franklin County (AFSCME), is the exclusive representative of the Clarion County prison guards. When Clarion County, the public employer, and AFSCME reached an impasse in the collective bargaining process, the impasse was submitted to a panel of arbitrators. The panel issued its arbitration award which was then submitted to the Clarion County Salary Board[2] for implementation. The Board failed to implement the total agreement, deleting or altering some of the provisions of the award.

AFSCME filed a charge of unfair labor practices alleging that Clarion County had failed to implement

---

[1] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §101.1201 (Supp 1965-80). Sections 1201(a)(1) and (5) provide:
Section 1201. (a) Public employers, their agents or representatives are prohibited from:
(1) Interfering, restraining or coercing employes in the exercise of the rights guaranteed in Article IV of this act.
....
(5) Refusing to bargain collectively in good faith with an employee representative which is the exclusive representative of employes in an appropriate unit, including but not limited to the discussing of grievances with the exclusive representative.

[2] Act of August 9, 1955, P.L. 323, 16 P.S. §1622, which provides that the Salary Board shall be composed of three county commissioners, the County controller, or if there is not a controller, the county treasurer.

the award pursuant to Section 805 of PERA.[3] Section 805 reads:

> Notwithstanding any other provisions of this act where representatives of units of guards at prisons or mental hospitals or units of employes directly involved with and necessary to the functioning of the courts of this Commonwealth have reached an impasse in collective bargaining and mediation as required in section 801 of this article has not resolved the dispute, the impasse shall be submitted to a panel of arbitrators whose decision *shall be final and binding upon both parties with the proviso that the decisions of the arbitrators which would require legislative enactment to be effective shall be considered advisory only.* (Emphasis added.)

Under Section 1620 of the County Code,[4] the Salary Board simply has the authority to "fix" salaries. Clarion County asserts, however, that because its Salary Board is composed of three County Commissioners and the County Treasurer, the action of the Salary Board was a "legislative enactment" which made the proviso of Section 805 operative and made the arbitration award only adivsory. The Clarion County Common Pleas Court agreed, holding that:

> The record is clear that the Clarion County Salary Board implemented the award within the limits of the legislative policies of the Clarion County Commissioners, who sat as majority members of the salary board and sole members of the prison board in considering each and every item of the award regardless of

---

[3] Act of July 23, 1970, P.L. 563, *as amended*, 16 P.S. §1101.805.

[4] Act of August 9, 1955, P.L. 323, 43 P.S. §1623.

any purported distinction between salaries and compensation and so-called 'non-financial'[5] items. It would be the classic demonstration of the judicial process as an exercise in redundant futility to have the Clarion County Salary Board make a 'paper implementation' of each item of the award, and then have the Commissioners, the law-making body, to once more convene, reconsider and reject the arbitration award because of the constitutional limitation in the proviso of Section 805 being advisory only.

However, our Supreme Court in *Franklin County Prison Board v. Pennsylvania Labor Relations Board,* 491 Pa. 50, 417 A.2d 1138 (1980), has made it clear that, redundant or not, the Salary Board is required under the law of our Commonwealth to implement the award.[6]

The import of *Franklin County* is clear and controls this case. The Supreme Court stated: "The issue

---

[5] Act of May 16, 1921, P.L. 579, *as amended*, 61 P.S. §§408 and 409, which vests control of non-financial items exclusively in county prison boards.

[6] Additionally, the lower court held that there was a countywide policy which prohibited retroactive pay increases. However, in order to repudiate an award *prospectively*, there must be some record that the award "...was specifically repudiated." *Association of Pennsylvania State College and University Faculties v. Kline,* 58 Pa. Commonwealth Ct. 164, 427 A.2d 684, *aff'd*   Pa.   , 436 A.2d 1386 (1981). Here the record would not support a holding that the County Commissioners had *enacted legislation* specifically repudiating this type of award. As our Court went on to state in this case "[O]ur Supreme Court has stated that statutes which restrict collective bargaining rights bar only those rights with which the statutes *explicitly and definitively* conflict." *Id.* at 169, 427 A.2d at 687. (Emphasis in original.)

Here to allow a "county-wide policy" to prospectively prohibit the terms of a collective bargaining agreement would be a judicial emasculation of the controlling provisions of PERA.

becomes 'Is the authority of county salary boards to "fix salaries and compensation" equivalent to a "require[d] legislative enactment," such that *any* section 805 arbitration award involving or affecting salaries and compensation is automatically deemed advisory?' We think not." *Id.* at 58, 417 A.2d at 1142. (Emphasis in original.)

The Salary Board is in fact statutory County Commissioners but, as dictated by statute, they wear different hats when executing their duties as Salary Board members.[7] Their duties are administerial only and its action is not legislative enactment.

Our scope of review is limited to determining whether or not the Board's conclusions were reasonable or arbitrary, capricious or illegal. *Western Psychiatric Institute v. Pennsylvania Labor Relations Board*, 16 Pa. Commonwealth Ct. 275, 330 A.2d 262 (1974). The PLRB in its discussion stated:

> In our opinion, the Salary Board is not a legislative body whose action is required to implement a Section 805 arbitration award but rather is duty bound to act in conformity with that award. Since the record does not show that any legislative action by the county commissioners may be required to implement the instant award we must find the Respondent acted in violation of the Act....

Thus, until there is evidence that the County Commissioners, acting in their legislative capacities, have met, considered and rejected the award, thus making it

---

[7] It is clear that the legislature intended that the duties and powers of the County Commissioners are distinct from their duties as Salary Board members. *See* Act of January 10, 1972, P.L. (1971) 670, *as amended*, 16 P.S. §1770, which delegates the power to levy taxes to the County Commissioners. *Compare* 16 P.S. §1623, which calls for county commissioners as members of Salary Boards to "fix" compensation.

simply advisory under Section 805, the Salary Board is duty bound to implement the award. *Franklin County* at 62, 417 A.2d at 1144.

The decision of the PLRB is supported by substantial evidence and is controlled by our Supreme Court's holding in *Franklin County*. Accordingly, we reverse.

### ORDER

The decision of the Clarion County Common Pleas Court, No. 703-1979, dated October 28, 1980, is reversed and the Final Order of the Pennsylvania Labor Relations Board, No. PERA-C-10, 455-W, dated July 17, 1979 is reinstated.

Judge PALLADINO did not participate in the decision in this case.