## Sheers v. Higgins

*Frank R. Cori,* for plaintiffs.
*Thomas J. Pellish,* for defendant J. Donald Kerns.
*Edward M. Brennan,* for defendant Richard F. Higgins.
*Harry A. Rubright,* in proper persona.

HEFFNER, *P.J.,* September 17, 1986 — This matter is before us on a second amended complaint, filed September 24, 1985, by plaintiffs, Paul Sheers and Franklin L. Shollenberger, majority commissioners of Schuylkill County, against Richard F. Higgins, Paul Sheers, Franklin L. Shollenberger and J. Donald Kerns, members of the Schuylkill County Salary Board; Harry A. Rubright, chief public defender; and J. Donald Kerns, controller.

Defendants Kerns and Higgins filed answers and counter-claims. Plaintiffs, Sheers and Shollenberger, and Rubright, chief public defender, filed answers to the counterclaim.

After the pleadings were finally closed, this court scheduled a hearing to receive testimony and evidence on the various allegations of the pleadings, but the parties agreed to submit the issues on a stipulation of facts, thus making an evidentiary hearing unnecessary. The stipulations of facts are made a part of the record, and we adopt the stipulations as our findings of fact as follows:

## FINDINGS OF FACT

1. The County of Schuylkill is a political subdivision of the Commonwealth of Pennsylvania, with its principal location at the Schuylkill County Courthouse, Second and Laurel Boulevard, Pottsville, Pa.

2. Plaintiffs are a majority of the commissioners of the County of Schuylkill.

3. Defendant Richard F. Higgins is the third member of the Board of County Commissioners of Schuylkill County.

4. Defendant J. Donald Kerns is the controller of Schuylkill County.

5. Defendant Harry A. Rubright is the chief public defender of Schuylkill County.

6. By the Act of August 9, 1955, P.L.323 §1620 (16 P.S. §1620) known as the County Code, the legislature established a salary board in each county.

7. At all times relevant hereto, defendants Richard F. Higgins, Paul Sheers, Franklin L. Shollenberger and J. Donald Kerns were members of the salary board pursuant to the act set forth above.

8. On or about April 24, 1985, a majority of the board of county commissioners hired an individual, namely, Paul Domalakes, a law partner of Chief Public Defender Harry A. Rubright in the law firm of Rubright, Domalakes, Troy & Miller, to fill a vacancy in the office of the public defender of Schuylkill County.

9. On or about April 24, 1985, at a meeting of the salary board of Schuylkill County consisting of plaintiffs Sheers and Shollenberger and defendants Higgins and Kerns, on a vote to approve the salary of Paul Domalakes, the vote was tied 2-2.

10. On or about July 31, 1985, under instructions of the salary board chairman, Paul Sheers, Harry Rubright was included on a roll-call vote, over the objections of defendants Higgins and Kerns of the salary board, in acting upon the salary of Paul Domalakes.

11. At the meeting of the Schuylkill County Salary Board held on July 31, 1985, defendants Kerns and Higgins objected to Rubright's sitting on the salary board for the purpose of casting a vote on the

salary of his law partner, Domalakes.

12. At the meeting of July 31, 1985, defendant J. Donald Kerns stated that he would refuse to issue checks to pay the salary of Domalakes, alleging that the salary was not set by a majority vote of the salary board.

13. At the salary board meeting of July 31, 1985, defendants Kerns and Higgins stated that the actions of Rubright in casting a vote on the salary of his law partner constituted a conflict of interest in violation of the Pennsylvania Ethics Act, 65 P.S. §401 et seq. To this, attorney Frank Cori, as county solicitor, replied that since Mr. Domalakes had already been hired by the board of commissioners (2-1), and since the salary was set by the salary board at the beginning of the year, no conflict of interest exists. He added that Mr. Rubright was sitting on the board for a majority vote.

14. At the meeting of the board of commissioners on April 24, 1985, when Sheers made a motion to appoint Domalakes as an assistant public defender, and it was seconded by Shollenberger, defendant Higgins stated that he would like to have the action tabled because he was greatly concerned over the number of Republican attorneys being appointed. Defendant Higgins further stated that he felt many times that the decisions made and positions taken by the Majority Commissioners were dictated by politics. At the meeting of the salary board held on July 31, 1985, Defendant Higgins stated that he and defendant Kerns were originally opposed to Domalakes' appointment for two reasons:

(1) Other qualified applicants were not considered, and

(2) It was not in the best interest of the county for attorney Rubright to recommend his law partner for this position.

15. Paul Domalakes has served as assistant public defender since April 24, 1985, and had performed all job duties in connection with that position from August 5, 1985, to the present.

16. Since April 24, 1985, Paul Domalakes has received no salary or benefits from the County of Schuylkill in connection with his duties as assistant public defender.

17. On or about January 1, 1984, plaintiffs Paul Sheers and Franklin Shollenberger and defendants Richard F. Higgins and J. Donald Kerns had entered into a contract with the Court Related Employees Union of Schuylkill County.

18. Since January 1, 1984, until present, the salary board has approved the salaries of all new county employees hired for positions which are covered under the aforesaid contract with the Court Related Employees Union of Schuylkill County.

19. Up until July 31, 1985, neither Harry Rubright, Frank Cori, nor any of their predecessor chief public defenders of Schuylkill County have sat as a member of the salary board.

20. Harry A. Rubright was appointed chief public defender by the Schuylkill County Commissioners. He was not appointed for a specific term, but is a union employee and member of the bargaining unit.

21. Any compensation which Paul Domalakes receives as a public defender is not part of the income of Harry Rubright, individually, or of the firm Rubright, Domalakes, Troy & Miller. Any fringe benefits Paul Domalakes receives from the County of Schuylkill have no financial effect on his income from, or participation in, the partnership of Rubright, Domalakes, Troy & Miller. Any fringe benefits Paul Domalakes receives from the County of Schuylkill have no financial effect on the income of Harry Rubright, individually.

22. On or about July 3, 1985, the salary board set the salary of Blair Warner as a full time public defender. Harry Rubright did not sit as a member of the salary board at that time.

There was also a stipulation of facts with reservation of objection as to relevance. The stipulation of fact would be fact no. 23, if the court deemed it to be relevant. We sustain the plaintiff's objection and rule that stipulation no. 23 is not relevant. However, an offer of proof of these facts shall remain a part of the record.

Summarily, in accordance with the pleadings and stipulation of facts, we are asked to adjudicate (1) whether salary board action was necessary when Paul Domalakes was appointed by the majority board of commissioners to fill a vacancy in the position of public defender where there exists a collective-bargaining contract covering public defender positions; (2) whether the salary board determines the salary of particular and specific employees, or particular and specific positions; (3) whether the chief public defender is entitled to vote as a member of the salary board concerning salaries of employees of the public defender's office; (4) whether Harry Rubright, the chief public defender, violated the Ethics Act by. voting for Paul Domalakes, his law partner, at a salary board meeting when he would not directly benefit by the salary of Domalakes.

Section 101 of Act 195, Public Employer Relations Act declares the expressed public policy of the General Assembly:

"It is the public policy of this commonwealth and the purpose of this act to promote orderly and constructive relationships between all public employers and their employees subject, however, to the paramount right of the citizens of this commonwealth to

keep inviolate the guarantees for their health, safety and welfare. Unresolved disputes between the public employer and its employees are injurious to the public and the General Assembly is therefore aware that adequate means must be established for minimizing them and providing for their resolution. Within the limitations imposed upon the governmental processes by these rights of the public at large and recognizing that harmonious relationships are required between the public employer and its employes, the General Assembly has determined that the overall policy may best be accomplished by (1) granting to public employes the right to organize and choose freely their representatives; (2) requiring public employers to negotiate and bargain with employee organizations representing public employees and to enter into written agreements evidencing the result of such bargaining; and (3) establishing procedures to provide for the protection of the rights of the public employee, the public employer and the public at large. Act of July 23, 1970, P.L.563, art. I, §101, 43 P.S. §1101.101.

It is obvious that harmonious relationships between employer and employee can best be promoted by the execution of an agreement whereby certain positions are established and salaries for these positions are firmly set, with certain increases or increments. Here, such an agreement was entered into on or about January 1, 1984, by, among others, the county commissioners and the county salary board, and the Court Related Employees Union. This agreement includes the positions in the public defender's office.

The provisions of PERA must be read in relation to the County Code, especially sections 202(6); 203 and 1701-1705, charging the county commissioners with the responsibility of raising revenue and allo-

cating funds for various services, and sections 1620-1625 pertaining to the functions of the salary board.

Of particular importance to our determination is section 1620, 16 P.S. §1620, which now reads as follows:

"The salaries and compensation of county officers shall be as now or hereafter fixed by law. The salaries and compensation of all appointed officers and employees who are paid from the county treasury shall be fixed by the salary board created by this act for such purposes: *Provided, however, That with respect to representation proceedings before the Pennsylvania Labor Relations Board or collective bargaining negotiations involving any or all employees paid from the county treasury, the board of county commissioners shall have the sole power and responsibility to represent judges of the court of common pleas, the county and all elected or appointed county officers having any employment powers over the affected employees. The exercise of such responsibilities by the county commissioners shall in no way affect the hiring, discharging and supervising rights and obligations with respect to such employees as may be vested in the judges or other county officers.*"

The emphasized part of the above act was an amendment (Act 115) added in 1976 to section 1620 of the County Code. This amendment to the County Code placed in commissioners of counties of the third through eighth classes exclusive authority to represent all managerial interests in representation proceedings and at the bargaining table when employees exercising their right under PERA are paid from the county treasury. *Ellenbogen v. County of Allegheny,* 479 Pa. 429, 388 A.2d 730 (1978).

Since the salaries and increments for the positions in the public defender's office have been deter-

mined by the collective-bargaining agreement of January 1, 1984, any change in the amount of said salaries or increments would require new negotiations. As set forth above, only the county commissioners are authorized to conduct these negotiations on behalf of the public employer.

As stated in *Ellenbogen,* page 734, supra:

"The amendment governing representation of managerial interests promotes several important public interests, including fiscal responsibility of raising revenue and allocating funds among various county services . . . Thus, the amendment allows county commissioners to make managerial decisions affecting tax dollars. *This reflects the legislative judgment that the officials charged with providing revenue for budgets are best able to assess whether employee proposals at the bargaining table are feasible and consistent with the overall administration of county fiscal and governmental affairs* (emphasis supplied).

The legislature's designation of county commissioners as managerial representative also avoids the potential difficulties of having too many decisionmakers, none with full authority to reach an agreement, on the public side of the bargaining table."

For us to permit the salary board to block the filling of a vacancy by refusing to approve the salary, which had been set for the vacant position by a collective-bargaining agreement, would be a judicial emasculation of Act 115 and PERA. In effect, the above 1976 amendment to the County Code, the adoption of the Legislature of PERA, and the execution of a collective-bargaining agreement pursuant thereto have reduced the functions and duties of the salary board to the status of the long extinct dinosaur.

Defendants argue, because the salary board has continued to approve the salaries of county employees hired for positions covered by the collective-bargaining agreement since the execution of said agreement, that the board has veto power over the action of the county commissioners. We do not agree. It has been held that county commissioners, because of their authority to appropriate funds and levy taxes, perform legislative functions. On the other hand, salary boards perform administrative functions only in fixing salaries and compensation. Thus, where an arbitrator's award was made under section 805 of PERA the salary board must implement said award. *Franklin County Prison Bd. v. Pa. Labor Relations Bd.*, 491 Pa. 50, 417 A.2d 1138 (1980). Even though the commissioners are also members of the salary board, they wear two hats. Sitting as the salary board their duties are administerial only. *Pa. Labor Relations Bd. v. Clarion Cty.*, 65 Pa. Commw. 158, 442 A.2d 374 (1982). So, here, where the county commissioners have hired an employee to fill an existing vacancy, the duties of the salary board are administerial and the said board must approve the salary of said employee in accordance with the provisions of the collective-bargaining agreement.

In view of our above discussion, we necessarily reject defendants' contention that the salary board sets the salary of specific individuals rather than the salary for positions. Defendants rely heavily on the case of *Tracy v. Maloney*, 59 D. & C. 2d 354 (1972). However, as defendants recognize, a result contrary to *Tracy*, supra, was later reached by the same Bucks County court in *Oniskey et al. v. Bowers et al*, 29 Bucks 313 (1976), where the court held that the salary board fixed salaries on a per job basis rather than per individual basis. We further note

that both these conflicting decisions were decided in the absence of a collective-bargaining agreement and prior to the 1976 amendment to section 1620 of the County Code, which laid the conflict to rest. See: *Ellenbogen,* supra.

We hold, when, as here, a collective-bargaining agreement is present, the duties of the salary board are ministerial. The board cannot take away the powers given by the Legislature to the commissioners under the collective-bargaining act. Therefore, when the board of commissioners appointed Paul G. Domalakes to fill a vacancy in the public defender's office, for a position already created with the terms of the salary fixed by the collective-bargaining agreement of January 1984, the salary board could not unilaterally reduce, change or terminate the salary position. Accordingly, since Domalakes was lawfully appointed and has performed the duties of the public defender's office, the county controller must authorize the payment of his salary under the terms of the collective-bargaining agreement from the date of commencement of his employment.

In view of our findings, we need not and do not determine whether the chief public defender is a member of the salary board in relation to matters affecting the office of public defender. Nor is it necessary to decide whether the chief public defender committed any violation of the Ethics Act in sitting on the salary board. Since we have determined the actual controversy, and there is no imminent controversy respecting these issues, we cannot, under the Declaratory Judgment Act, 42 Pa.C.S. §7521, et seq., give advisory opinions to decide matters which may or may not occur in the future. See: *Chester Upland School Dist. v. Com.,* 90 Pa. Commw. 464, 495 A.2d 981 (1985); *South Whitehall Tp. v. Com. Dept. of Transp.,* 82 Pa. Commw. 217, 475 A.2d 166 (1984).

## CONCLUSIONS OF LAW

(1) Salary board action is necessary and required when an individual is hired to fill a vacancy created by termination, resignation, death, etc. The action is administerial when there is a collective-bargaining contract, which has already fixed the salary for such position.

(2) The salary board sets the salary for particular and specific positions, and not for specific and particular employees.

(3) The board of county commissioners possesses the power and authority to appoint an individual to fill a vacant position in the public defender's office.

(4) The action of the board of county commissioners appointing Paul Domalakes to the position of a public defender was a lawful and proper appointment, and the defendant salary board was obligated to approve the salary of such position, as set forth in the collective-bargaining contract.

(5) Defendants, Richard F. Higgins, Paul Sheers, Franklin L. Shollenberger and J. Donald Kerns, members of the Schuylkill County Salary Board, by signing and approving the collective-bargaining agreement, dated January 1, 1984, performed their administerial action. No further action was required to set the salary of the vacant public defender position.

(6) There are no facts to permit this court to determine whether the chief public defender is a member of the salary board, because no actual or imminent controversy exists.

## JUDGMENT

The court having made its findings of fact and conclusions of law, it is ordered and adjudged that the rights of the parties are as follows:

The Board of County Commissioners of Schuylkill County, by the majority vote of plaintiffs Paul Sheers and Franklin L. Shollenberger, had and did exercise its authority to appoint Paul Domalakes to fill the vacant position of a public defender.

Defendant salary board, Higgins, Sheers, Shollenberger and Kerns, approved the salaried position of a public defender, as set forth in the collective-bargaining agreement, pursuant to the contract, dated January 1, 1984, which was in effect on the date of the aforementioned appointment of Paul Domalakes to a vacant position of a public defender.

Paul Domalakes, being lawfully appointed by a majority vote of the board of county commissioners, and having commenced his duties on August 5, 1985, is entitled to the salary of the position of a public defender as provided in the aforementioned collective-bargaining agreement.

Defendant J. Donald Kerns, county controller, has the authority and the duty to direct payment of the salary of Paul Domalakes from the date of his commencement of his duties, August 5, 1985.